IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VALERIE O. SAUNDERS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 14-329-RGA |
| E.I. DUPONT DE NEMOURS AND COMPANY, | : |
| Defendant. | : |

Valerie O. Saunders, Smyrna, Delaware. Pro Se Plaintiff.

Kathleen Furey McDonough and Michael Brendan Rush, Esquires. Potter Anderson & Corroon, LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

December 1?, 2014
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Valerie O. Saunders appears *pro se* and has been granted leave to proceed in forma pauperis. She filed this employment discrimination action against Defendant E.I. DuPont de Nemours and Company pursuant to 42 U.S.C. §§ 1981,[1] 1983,[2] 2000e, *et seq.*, and 1988,[3] alleging race, gender, and age discrimination and/or retaliation. Before the Court is Defendant's motion to dismiss. (D.I. 11).

## BACKGROUND

Plaintiff has a long history of employment by Defendant beginning in 1987, followed by an interruption in service, with her most recent re-employment by Defendant in July 2009. (D.I. 2, ¶¶ 8, 21-22; D.I. 12, Ex. A). Between September and December 2011, Plaintiff committed four quality infractions. (D.I. 2, ¶ 34, 37, 38). On December 15, 2011, Plaintiff received "an equivocal special notice of planned action" that did not offer probation. (*Id.* at ¶ 39). The notice offered Plaintiff time to secure employment within or outside DuPont before a designated termination date of February 29, 2012. (*Id.* at ¶¶ 39, 44; D.I. 14 at 2). Plaintiff's employment was terminated on February 29, 2012 after she failed to secure employment with Defendant. (*Id.* at ¶ 44).

---

[1] While Plaintiff invokes § 1981 in paragraph 4 of the Complaint, it is not referred to in any of its nine counts and, therefore, it is unclear if Plaintiff seeks to raise a claim under that statute.

[2] Plaintiff invokes § 1983 in paragraph 4 of the complaint, but it is not referred to in any of the nine counts. Regardless, the claim is not cognizable because Defendant is not a State actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[3] Under the Civil Rights Attorney's Fees Award Act, § 1988 provides for an award of attorney's fees to a prevailing party for claims raised under 42 U.S.C. §§ 1981 and 1983. The claim is inapplicable given that Plaintiff proceeds *pro se*.

On December 20, 2012, Plaintiff filed a charge of discrimination jointly with the Delaware Department of Labor, Charge No. SAU122012, and the Equal Employment Opportunity Commission, Charge No. 17C-2013-00180, alleging discrimination on the basis of race, gender, and age. (D.I. 2, ¶ 45). On December 17, 2013, the EEOC determined that the charge of discrimination was not timely filed with the EEOC. (D.I. 2, ex. Dismissal and Notice of Rights). The DDOL had forwarded the charge to the EEOC stating that it did not have jurisdiction because the charge had been filed beyond the limitation period under Delaware law. (D.I. 14, ex. 1).

Plaintiff filed the instant complaint on March 13, 2014. (D.I. 2). Counts I, II, and III raise employment discrimination claims of race, gender, and age under Title VII;[4] Counts IV, V, and IX raise claims under Delaware law under the theories of breach of implied contract, breach of implied covenant of good faith and fair dealing, and wrongful discharge; Count VI alleges intentional and negligent infliction of emotional distress; and Counts VII and VIII seek punitive and consequential damages.

Defendant assumes that Plaintiff meant to raise the age discrimination claim under the ADEA. It moves for dismissal of the Title VII and ADEA claims on the grounds that they are barred by the applicable statute of limitations and the State claims are either barred by Delaware law or Plaintiff has failed to state the necessary elements of each claim. (D.I. 11). Plaintiff opposes the motion.

As previously noted (see n.1), it is unclear if Plaintiff intended to raise a claim under 42 U.S.C. § 1981 and Defendant does not address the statute in its motion

---

[4]An age discrimination claim under federal law is typically filed under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq.

2

to dismiss. The elements of a § 1981 race discrimination claim are identical to those for a claim of employment discrimination under Title VII. *See Seldon v. National R.R. Passenger Corp.*, 452 F. Supp. 2d 604, 608 (E.D. Pa. 2006) (citations omitted). Section 1981 prohibits "racial discrimination in the making and enforcement of contracts," *Wallace v. Federated Dep't Stores, Inc.*, 214 F. App'x 142, 144 (3d Cir. 2007), applies to employment contracts, and provides a federal remedy against discrimination in private employment on the basis of race. *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 459-60 (1975).

**STANDARD OF REVIEW**

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Although ordinarily

3

treated as an affirmative defense, the statute of limitations may be raised on a motion to dismiss where the allegations made on the face of the complaint show that the cause of action is time-barred. *Benak v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006). If a complaint is vulnerable to dismissal based upon an affirmative defense, a district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir.2 004) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)). Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. *Id.* at 236.

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## DISCUSSION

### Title VII and ADEA Claims, Counts I, II, and III

The Court turns first to the timeliness of the filing of Plaintiff's charge of discrimination. Plaintiff's race and gender discrimination claims filed pursuant to Title VII require a claimant in a "deferral state," like Delaware, to file a charge of discrimination within 300 days of an unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); *Mikula v. Allegheny Cnty. of Pa.*, 583 F.3d 181, 183 (3d Cir. 2009). Age discrimination claims under the ADEA have the same statute of limitations. *See* 29 U.S.C. § 626(d)(1)(B).

4

Whether the charge of discrimination was timely filed depends upon when the alleged discriminatory act occurred. Defendant moves for dismissal on the grounds that alleged discriminatory act occurred on December 15, 2011 when it informed Plaintiff that she would be terminated in February 2012 if she was unable to find another position within the company. Plaintiff opposes the motion and contends that the alleged discrimination occurred on February 29, 2012 when Defendant terminated her employment. Plaintiff filed her charge of discrimination on December 20, 2012. Under Defendant's theory, Plaintiff filed her charge 371 days after the alleged discriminatory act. Under Plaintiff's theory, she filed her charge within the 300 day time-frame.

When determining the proper adverse employment event that triggers the running of the limitations period, the court looks to *Watson v. Eastman Kodak Co.*, 235 F.3d 851 (3d Cir. 2000), which has a fact pattern very similar to the case at bar. In *Watson*, the plaintiff was advised on February 4, 1997, that he was being removed from his position as an account executive due to poor performance. *Id.* at 853. In the same letter, he was told he would be allowed to remain at the defendant company only until March 7, 1997, unless he found another position within the company. *Id.* When he was unable to do so, his employment was terminated on March 7, 1997. *Id.* The plaintiff did not file an EEOC charge until 330 days after the termination letter, but less than 300 days after the March 7, 1997 actual termination date. *Id.* The district court granted summary judgment in favor of defendant because the plaintiff did not exhaust administrative remedies. *Id.* at 854.

In affirming the district court's ruling, the Third Circuit noted that "the crucial issue in this case is whether the actionable adverse employment decision was the one to

5

separate [the plaintiff] from the position as account executive or the one to terminate his employment with [the defendant company] entirely." *Id.* The Third Circuit relied upon *Delaware State Coll. v. Ricks*, 449 U.S. 250 (1980), and upheld the district court's finding that the unlawful termination claim accrued on February 4, 1997, the date the plaintiff received the letter from his supervisor. *Id.* at 857. Notably, the Third Circuit rejected the position the February 4, 1997 letter was equivocal because it preserved the possibility of continued employment. *Id.* at 856. Instead, the Third Circuit found that even though the plaintiff effectively remained in his account executive position until March 7, 1997, this did not change the fact that the adverse employment action occurred on the date that he was clearly informed of the operative decision to terminate. *Id.* The Third Circuit has repeatedly reaffirmed that "an adverse employment action occurs, and the statute of limitations begins to run, at the time the employee receives notice of that action and termination is a delayed, but inevitable result." *Id.* at 853; *see, e.g., Ruehl v. Viacom, Inc.*, 500 F.3d 375, 383 (3d Cir. 2007); *Urban v. Bayer Corp. Pharm. Div.*, 245 F. App'x 211, 212-13 (3d Cir. 2007); *Thompson v. General Elec. Co.*, 81 F. App'x 415, 417-18 (3d Cir. 2003).

Like Watson, Plaintiff was advised on December 15, 2011, that she was being removed from her position due to several infractions and, in the same letter, she was told she would be allowed to remain at Defendant company only until February 29, 2012, unless she found another position within the company. When Plaintiff was unable to do so, Defendant terminated her employment on that date. Plaintiff did not file an EEOC charge until 371 days after the termination letter, but less than 300 days after the actual termination date of February 29, 2012. The Complaint alleges no

6

subsequent events, conversations, letters, or other transactions that would have led Plaintiff to believe, notwithstanding this explicit termination letter, that she would remain employed absent finding another position with Defendant. Therefore, the Court will grant Defendant's motion to dismiss Count I, II, and III. However, because it is possible that Plaintiff may be able to cure her factual allegations in order to state a claim, she will be given an opportunity amend the complaint as to the federal claims.

## State Claims

Defendant moves to dismiss the State law claims raised in Counts IV, V, and IX on the grounds that the claims fail to state a claim upon which relief may be granted, and Count VI on the basis that it is time-barred. Plaintiff did not respond to this portion of the motion to dismiss.

### Breach of Implied Contract, Count IV

To survive a motion to dismiss for failure to state a breach of contract the plaintiff must show: (1) the existence of an express or implied contract; (2) a party breached the obligation imposed by the contract; and (3) any damages that the plaintiff incurred as a result of the breach. *VLIW Tech., LLC v. Hewlett-Pakard Co.*, 840 A.2d 606, 612 (Del. 2003). "A contract implied in law permits recovery of that amount by which the defendant has benefitted at the expense of the plaintiff in order to preclude unjust enrichment." *Spanish Tiles, Ltd. v. Hensey*, 2005 WL 3981740, n.9 (Del. Super. Ct. 2005) (other citations omitted).

Count IV does not adequately allege a breach of implied contract claim. More specifically, it fails to allege the elements required to plead a breach of contract,

including the existence of a contract. Therefore, the Court will grant the motion to dismiss Count IV, but will give Plaintiff leave to amend the Count.

Breach of Implied Covenant of Good Faith and Fair Dealing, Count V

Delaware imposes a "heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature, with duration indefinite." *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 440 (Del.1996). However, every employment contract, including an at-will contract, contains an implied covenant of good faith and fair dealing. *See Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 101 (Del.1992). The duty of good faith and fair dealing imposes a duty of candor on the employer; "the employer breaches the covenant when the employer's conduct constitutes fraud, deceit, or misrepresentation." *Id.* (citations omitted). An "employer acts in bad faith when it induces another to enter into an employment contract through actions, words, or the withholding of information, which is intentionally deceptive in some way material to the contract." *Id.*

The Delaware Supreme Court has identified four situations where an at-will employee could bring a claim based on the implied covenant of good faith and fair dealing: (1) where termination violated public policy; (2) where the employer misrepresented an important fact and the employee relied on the misrepresentation either to accept a new position or remain in the current one; (3) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employer's past service; and (4) where the employer falsified or manipulated employment records to create fictitious grounds for termination. *Pressman*, 679 A.2d at 442-44. The categories are narrowly defined and exclusive. *Id.*

8

Defendant argues that it appears that Count V rests on allegations that Plaintiff's termination violated public policy by reason of discrimination based upon race, age or gender. It is not clear from Count V which, if any of the four categories Plaintiff relies upon in her attempt to raise a claim under Count V. To the extent that Plaintiff relies upon violations of public policy, the claim fails. Under Delaware law, 19 Del. C. § 710 *et seq.*, which prohibits discrimination in employment practices, is the "sole remedy" for an aggrieved employee "to the exclusion of all other remedies." 19 Del. C. § 712(b) (2005); *see E.E.O.C. v. Avecia, Inc.*, 151 F. App'x 162, 165 (3d Cir. 2005). Therefore, the Court will grant Defendant's motion to dismiss Count V. Plaintiff, however, will be given leave to amend Count V.

<u>Intentional and Negligent Infliction of Emotional Distress, Count VI</u>

Defendant seeks dismissal of Count VI on the grounds that the claim for intentional and/or negligent infliction of emotional distress is time-barred and is improperly pled. Under Delaware law, claims for infliction of emotional distress must be brought within two years of the alleged injury. *See* 10 Del. C. § 8119 (establishing a two year statute of limitations for all personal injury claims); *see also Reynolds v. State*, 1999 WL 1427760, at *7 (Del. Super. Ct. 1999).

Here, the last alleged act occurred on February 29, 2012 when Plaintiff's employment ended. The Complaint, however, was not filed until March 13, 2014, almost two weeks after the expiration of the two-year limitation period. The claim is time-barred and, therefore, the Court will grant Defendant's motion to dismiss Count VI.

9

Wrongful Discharge, Count IX

Defendant moves for dismissal of Count IX on the grounds that a claim cannot stand when there is a statutory scheme in place to address the public policy at issue. Numerous courts, including this district court, have rejected common law claims premised on discrimination prohibited by the federal and state statutes, reasoning that the laws enacted created a statutory remedy in derogation of the common law employment-at-will doctrine, and that relief accorded complainants is provided for them expressly by the discrimination laws. *See Holland v. Zarif*, 794 A.2d 1254 n.7 (Del. Ch. 2002) (citing numerous cases); *McHugh v. Board of Educ. of Milford Sch. Dist.*, 100 F. Supp. 2d 231, 249 (D. Del. 2000) (this Court does not believe the Delaware Supreme Court would create a public policy exception for wrongful discharge for claims for which a statutory remedy already exists under state law).

For these reasons, the Court finds that Count IX fails to state a claim for wrongful discharge. Accordingly, the Court will grant Defendant's motion to dismiss Count IX.

### Damages

Count VII seeks punitive damages and Count VIII seeks consequential damages. Defendant moves for dismissal of these counts on the grounds that they are not cognizable causes of action. As to Count VII, "courts have held that punitive damages may be recovered for a breach of contract if the complained of conduct "is similar in character to an intentional tort." *Schatzman v. Martin Newark Dealership, Inc.*, 158 F. Supp.2d 392, 399 (D. Del. 2001) (quoting *Thurston v. Liberty Mut. Ins. Co.*, 16 F. Supp. 2d 441, 448 (D. Del.1998). Therefore, since the Court is granting the motion to tdismiss

10

the breach of contract claim, the Court will also grant Defendant's motion to dismiss Count VII.

With regard to Count VIII there appears to be no independent basis for the consequential damages claim and, therefore, the Court will grant Defendant's motion to dismiss Count VIII.

The requests for damages are more properly brought in the ad damnum clause rather than as separate counts, although, since Plaintiff is *pro se*, if there were a properly pled underlying claim, the Court would understand Plaintiff's damages claims to be sufficiently pled.

## CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss (D.I. 11). Counts I, II, III, IV, V, VI, VII, VIII, and IX will be dismissed. Plaintiff will be given leave to file an amended complaint as to all claims, except Count IX, as it is possible that she could successfully replead them, either based on additional facts or on different legal theories, or both. I note that Count IX involves a question of law, and it would be futile to allow repleading of it. Although I am dismissing Count VI as being filed too late, there are doctrines which may in some cases extend the filing deadlines, and, since the statute of limitations is an affirmative defense, a *pro se* Plaintiff should be given a second opportunity.

An appropriate order will be entered.